[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 4, 2008
THOMAS K. KAHN
CLERK

No. 08-10936
Non-Argument Calendar

_____

D. C. Docket No. 98-00097-CR-T-E

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNY HUGHLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(December 4, 2008)**

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

On December 21, 1998, the district court sentenced appellant to concurrent

prison terms of 57 months for two counts of violating 18 U.S.C. § 472 and one count of violating 18 U.S.C. § 922(g). The court's judgment provided that appellant serve a three-year term of supervised release following his release from prison. Appellant has served his prison term and is on supervised release.

On February 20, 2008, the district court revoked appellant's supervised release on three grounds and sentenced him to prison for 24 months. He now appeals the court's decision.[1]

Appellant argues that, in revoking his supervised release, the court failed to consider evidence that he had not violated some of the terms of the release. And, in imposing the 24-months' prison term, the court failed properly to consider the 18 U.S.C. § 3553(a) sentencing factors or explain why it was rejecting his plea for leniency.

We review the sentence imposed upon revocation of supervised release for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006). The district court must impose a sentence that is both procedurally and

---

[1] Appellant presents an argument that we do not consider because it addresses the sentences the court imposed in December 1998, not the sentence imposed for violating the conditions of his supervised release. The argument is: that the district court failed adequately to state in open court the reasons for the sentences it imposed in December 1998; that the court's obligation to do that is greater now that the Guidelines are advisory; that it does not suffice that the court simply stated that it considered the sentencing factors; and that the phrasing the court used in pronouncing sentence was so vague that it is impossible to determine what the court relied upon to determine the sentences to impose.

substantively reasonable. Gall v. United States, 552 U.S. ___, ___, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). The Supreme Court has explained that a sentence would be procedurally unreasonable if the district court improperly calculated the Guideline sentence range, treated the Guidelines as mandatory, failed to consider the § 3553(a) sentencing factors, based the sentence on clearly erroneous facts, or failed adequately to explain its reasoning. Id. When sentencing the defendant, the district court must consider the 18 U.S.C. § 3553(a) factors set out in 18 U.S.C. § 3583(e). Sweeting, 437 F.3d at 1107. The district court need not explicitly address each of the sentencing factors. See United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). The amount of explanation required changes based on the circumstances of the particular case. United States v. Livesay, 525 F.3d 1081, 1090 (11th Cir. 2008). When sentencing within the Guideline sentence range, the court is not generally required to give a lengthy explanation for a case that is "typical of those contemplated by the Sentencing Commission." Id.

Here, the sentence the court imposed on revocation of supervised release was not procedurally unreasonable because the court provided the basis for its sentence, and, moreover, explicitly considered the § 3553(a) sentencing factors.[2]

---

[2] We note that the weight given to particular sentencing factors is committed to the sound discretion of the district court. United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007).

Appellant argues that his sentence is substantively unreasonable because the court was obligated to impose the lowest sentence called for by a proper application of the § 3553(a) sentencing factors. The fact that he was sentenced within the Guidelines sentence range only shows that the court considered the Guidelines, not that the court considered the § 3553(a) factors. He submits that the Guidelines are not more important than any of the § 3553(a) sentencing factors, and that district courts err by giving undue weight to one factor over all others. Finally, he contends that because the court relied entirely on the Guidelines, it failed to afford him an individualized sentencing determination. We are not persuaded.

There is a "range of reasonable sentences from which the district court may choose." Talley, 431 F.3d at 788. Although we do not indulge a presumption that a sentence within the Guidelines sentence range is reasonable, we ordinarily expect such a sentence to be reasonable. Id. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)." Id.

Given appellant's criminal history, the crimes he committed while on supervised release, his possession of illegal drugs (after the provisions of supervised release were modified to include possession of illegal drugs), and the §

4

3553(a) factors the district court took into account, we cannot conclude that the court abused its discretion in sentencing appellant to 24 months' imprisonment.

**AFFIRMED.**